## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No.  5:09-CR-11** |
| **Prosecutor,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **LARRY A. JONES,** | : | **MEMORANDUM AND ORDER** |
| **Defendant.** | : | |

This matter arises on the Court's own initiative.  This Court hereby gives notice to both parties that it is considering varying from the United States Sentencing Guidelines (the "Guidelines").  *See United States v. Hudson*, 491 F.3d 590, 596 (6th Cir. 2007) ("[C]ase law requires notice before a district court departs or varies from the recommended guideline sentence."); *cf. United States v. Vowell*, 516 F.3d 503, 515 (6th Cir. 2008) ("[A] sentencing court errs when it does not provide reasonable, adequate notice to a defendant of its intention to depart or vary from the Guidelines range.").[1]

Defendant Larry A. Jones has pled guilty to two counts of distributing what is commonly referred to as "crack" cocaine.  As has been extensively documented by other courts, the current Guidelines suggest that that a defendant who distributes "crack" cocaine should be sentenced much more severely than a defendant who distributes the same quantity of powder cocaine.  *See, e.g.*, *United States v. Gully*, 619 F. Supp. 2d 633, 634-36 (N.D. Iowa 2009).  Notwithstanding the Guidelines, the Court is considering sentencing Jones in a manner that is more consistent with sentences for powder cocaine or other controlled substances.  *Cf., e.g., United States v. Griffin*, No. 5:09-CR-08, slip op. (N.D.

---

[1] The Court believes that its previous request for briefing on this issue constituted appropriate notice, but issues this order out of an abundance of caution.

Ohio Oct. 23, 2009) (employing a 1-to-1 ratio); *United States v. Edwards*, No. 04-CR-1090-5, 2009 U.S. Dist. LEXIS 12440 (N.D. Ill. Feb. 17, 2009) (employing a 10-to-1 ratio); *United States v. Smith*, 359 F. Supp. 2d 771 (E.D. Wisc. 2005) (employing a 20-to-1 ratio).  Such a sentence would represent a policy-based departure from the guidelines under *Spears v. United States*, 129 S.Ct. 840 (2009) and its progeny. In other words, the Court will apply the ratio it uses in this case as a starting point in its analysis of all future crack cocaine cases.[2]

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 4, 2009**

---

[2] In response to the Court's request for briefing on this matter, the United States stated that "[t]he Department of Justice does not advocate any particular ratio for computing crack/powder cocaine sentences under the U.S.S.G.; rather it simply acknowledges that district courts have the discretion to disagree with the current configuration of the crack/powder cocaine guidelines."  (Doc. 17 at 2 n.1.)